# RESCRIPT OPINIONS.

JOHN DOE, SEX OFFENDER REGISTRY BOARD No. 73946 *vs.* SEX OFFENDER REGISTRY BOARD. No. 09-P-1164. April 13, 2011. *Sex Offender. Sex Offender Registration and Community Notification Act. Administrative Law,* Hearing. *Evidence,* Sex offender, Expert opinion. *Witness,* Expert.

The plaintiff, John Doe, appeals, pursuant to G. L. c. 6, § 178M, and G. L. c. 30A, §§ 14-15, from a judgment of the Superior Court affirming a decision of a hearing examiner of the Sex Offender Registry Board (board) requiring Doe to register as a moderate risk, level two, sex offender. Doe argues that G. L. c. 6, § 178L(1), as interpreted by the Supreme Judicial Court, gives hearing examiners of the board discretion to grant funds to indigent petitioners to hire experts, and that the matter should be remanded so that a hearing examiner may exercise his or her discretion as to whether Doe should be granted such funds. We agree.

*Background.* In 2004, the board made a preliminary classification of Doe, a convicted sex offender, and notified him that he must register as a level two sex offender. Doe requested an administrative review of the classification decision. A hearing examiner conducted a de novo hearing, pursuant to G. L. c. 6, § 178L, after which Doe was ordered to register as a level two sex offender.[1]

Doe filed an action in Superior Court for judicial review challenging the final classification decision. During that proceeding, Doe filed an ex parte motion requesting funds to retain an expert. The judge initially allowed this motion but reversed himself after an emergency motion to reconsider was filed by the board. In 2008, a single justice of the Appeals Court affirmed the judge's denial of Doe's request for funds.

Doe and the board filed cross motions for judgment on the pleadings in Superior Court. A judge denied his motion and allowed the board's, ruling that "given the tactical decision to not file a motion for funds, remand to the Board is not required." This appeal followed.

*Discussion.* Doe claims that he received ineffective assistance of counsel at his initial hearing because his counsel failed to move for expert funds. His appeal below was rejected because the judge stated that this failure was a tactical decision. However, prior to the court's ruling in *Doe, Sex Offender Registry Bd. No. 89230* v. *Sex Offender Registry Bd.,* 452 Mass. 764 (2008), the board had consistently interpreted G. L. c. 6, § 178L(1), to limit expert funds for indigents to cases where the board itself intended to rely on expert evidence. *Id.* at 770. Accordingly, requests for funds had been consistently denied.

---

[1]Doe did not file a motion requesting expert funds during the hearing before the hearing examiner.

The board's interpretation was rejected in *Doe, Sex Offender Registry Bd. No. 89230,* 452 Mass. at 770-771, decided during the pendency of Doe's case. The court held that G. L. c. 6, § 178L(1), "signifies that the board has discretion to grant funds to an indigent sex offender for an expert witness or report, whether or not the board itself intends to rely on this type of expert evidence." *Id.* at 774. The court also pointed out that "in moving for expert witness funds, the burden will be on the sex offender to identify and articulate the reason or reasons, connected to a condition or circumstance special to him, that he needs to retain a particular type of expert. A general motion for funds to retain an expert to provide an opinion on the sex offender's risk of reoffense, without more, would appear to be insufficient." *Id.* at 775.

Subsequently, in *Doe, Sex Offender Registry Bd. No. 151564* v. *Sex Offender Registry Board,* 456 Mass. 612, 623 n.8 (2010), the court not only held that its decision in *Doe, Sex Offender Registry Bd. No. 89230, supra,* should apply retroactively, but also held that "[b]ecause the hearing examiner's decision in Doe's case occurred before our decision in *Doe, Sex Offender Registry Bd. No. 89230* v. *Sex Offender Registry Bd., supra,* Doe did not have the opportunity to present" the specific reasons why he was entitled to expert funds. He was, therefore, entitled to a remand for an exercise of discretion by the hearing examiner. *Doe, Sex Offender Registry Bd. No. 151564, supra* at 624. As in that case, the record in the present case does not reflect an exercise of discretion by the hearing examiner as to whether funds for an expert were necessary given the individual circumstances of Doe's case. *Id.* at 623-624. The circumstances in this case are analogous to those in *Doe, Sex Offender Registry Bd. No. 151564, supra.* Because the Supreme Judicial Court has made it clear that the board's discretion extends to motions for expert funds from indigent petitioners, Doe must be given a new hearing before the board where he can move for expert funds and offer his specific reasons as to why he requires them. Accordingly, the matter is remanded to the board for further proceedings consistent with this opinion.

*So ordered.*

*Brandon L. Campbell* for the plaintiff.
*Christopher M. Bova* for the defendant.