This appeal requires us to examine the application of the Massachusetts sex offender registration law (registration law) to the particular offense of possession of child pornography. The plaintiff, John Doe, appeals from a Superior Court judgment affirming a decision of a hearing examiner of the Sex Offender Registry Board (board) classifying him as a level two offender. The plaintiff argues that the decision, grounded upon his conviction of possession of child pornography, lacks the support of substantial evidence required by G. L. c. 30A, § 14(7)(e), and suffers from error of law and arbitrariness within the meaning of G. L. c. 30A, § 14(7)(c) and (g). He maintains also that the hearing examiner’s denial of his request for funds to retain expert assistance violated his constitutional rights. For the following reasons, we vacate the judgment and remand the case to the board.
Background. In the course of a Federal investigation of a Miami, Florida, child pornography distribution ring, authorities seized various digital storage media containing child pornography as well as order forms showing the plaintiff as a customer. Subsequent local investigation revealed that the plaintiff possessed child pornography. On June 1, 2004, he pleaded guilty in the United States District Court for the District of Massachusetts to one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), for which he was sentenced to eighteen months’ incarceration and three years of supervised probation with conditions.
After his release, the board, as required by the registration law, notified Doe of its recommendation to classify him as a level two offender (i.e., one presenting a moderate risk of reoffense).[1] The plaintiff requested a hearing to challenge the board’s recommendation. After a de novo proceeding, the hearing examiner affirmed the plaintiff’s level two classification.
The examiner made several findings from documentary evidence and testimony of the plaintiff, who was sixty-two years old at the time of the October 11, 2006, hearing. She found that he had placed five orders for child pornography, totaling $528, to the Miami distributors. Forensic examination of his computer revealed two sexually explicit movies involving minors.
*860 The examiner determined that the plaintiff’s behavior was favorable during incarceration[2] and during community supervision.[3] In confinement, he worked but did not participate in any therapeutic programs. Upon release, he had complied with all the conditions of his probation, including sex offender therapy.[4],[5] Although the plaintiff had reached most of the milestones of sex offender therapy, he found it difficult to articulate certain basic therapeutic concepts and had no developed written relapse prevention plan.
The examiner considered also the plaintiff’s criminal history[6] and substance abuse problems.[7] At the time of the hearing, the plaintiff had been offense-free in the community for less than a year, which, the examiner observed, “plac[ed] him in the highest risk category in terms of this particular factor.”[8] His alcohol abuse was under control.
The plaintiff testified that he had been viewing child pornography for about a year before he was arrested but was not sexually aroused by it as a result of his heavy alcohol consumption at the time. Nevertheless, he acknowledged to police officers that he believed that young girls were pretty.[9]
From these findings, the examiner concluded that a preponderance of the evidence supported a level two classification because the plaintiff “presents at least a moderate risk of reoffense and degree of dangerousness.” In support of her ruling, she cited the plaintiff’s substance abuse history, failure to participate in programming during confinement, brief participation in sex offender treatment, and presence in the community for less than a year. She reasoned that the plaintiff had
“committed a serious sex offense involving a child. He was found in possession of child pornography and told investigators that he was attracted to young girls. The child pornography conviction raises serious issues regarding the danger [which the plaintiff] yet presents to a vulnerable at-risk population, in this case, young children.”
She further explained that
“[her] concerns regarding ‘dangerousness’ are concrete and compelling. There may be no doubt as to the most serious nature of the crime in issue and potential harm upon contingency of reoffense. Although [the plaintiff’s] crime did not involve a direct assault, such does not minimize the fact that untold numbers of children are degraded and often *861 psychologically destroyed by pornographic profiteers, and often, suffer much worse.”
Under board regulation, the decision of the hearing examiner constitutes final agency action. 803 Code Mass. Regs. § 1.23 (2004). The plaintiff’s appeal to the Superior Court resulted in affirmance of the board’s level two classification.
Analysis. Pursuant to G. L. c. 6, § 178M, we consider the decision of the examiner under the standards of the Administrative Procedure Act, G. L. c. 30A, § 14(7). In this case, the plaintiff challenges his classification upon two grounds: (1) that the determination that he poses a moderate risk of dangerousness to the public and of reoffense lacks the support of substantial evidence and constitutes an arbitrary and capricious decision and error of law, all within the meaning of G. L. c. 30A, § 14(7)(e), (g), and (c), respectively; and (2) that the examiner’s denial of his request for funds to retain an expert violated his rights to due process and equal protection because he needed an expert to demonstrate that the statutory and regulatory factors used for classification provided inadequate guidance for assessment of an offender solely on the basis of possession of child pornography.
1. Classification. The quoted segments of the hearing officer’s reasoning call into question the validity of her finding of dangerousness and her resulting classification. She assumed that Doe had committed “a serious sex offense involving a child.” General Laws c. 6, § 178C (“definitions”), identifies possession of child pornography as a “sex offense.” The statute also defines the crimes constituting more specifically a “sex offense involving a child” and does not include possession of child pornography in the itemization. Consequently, the hearing officer appears to have mischaracterized the plaintiff’s underlying offense, an error of law within the meaning of G. L. c. 30A, § 14(7)(c).
Further, if she regarded the nature of that offense, per se, as an indication of the plaintiff’s heightened degree of dangerousness, the error may have contributed to her calculation of the evidence and may undermine the “substantial” quality of the evidence required for her finding under G. L. c. 30A, § 14(e).
Finally, the hearing officer’s equation of possession of child pornography (and the victimization of its subjects) with the dangerousness contemplated by the statute (peril to persons within the range of level two notification) does not rest upon any specified evidence, expert or general, adduced in the adjudicatory hearing. Without such support it runs the risk of arbitrariness within the meaning of G. L. c. 30A, § 14(7)(g). For these several reasons, reconsideration of the administrative decision is necessary.[10] We therefore remand the case to the board for determination of these questions.
2. Funds. In September of 2006, as a preliminary matter, a hearing officer denied Doe’s application for funds for retention of expert assistance. The hearing officer denied the request in accordance with the board’s then prevailing interpretation that it need not consider an award of such funds to an *862 indigent applicant unless the board intended to employ expert testimony. No expert witness appeared in this case.
Michael A. Nam-Krane for the plaintiff.
Beatriz E. Van Meek, Special Assistant Attorney General, for the defendant.
The governing law has materialized very differently since that ruling. In Doe, Sex Offender Registry Bd. No. 89230 v. Sex Offender Registry Bd., 452 Mass. 764, 770-771 (2008), the court interpreted G. L. c. 6, § 178L(l)(a), to provide the board with discretion to grant funds to an indigent sex offender independently of the board’s intention to rely upon expert information. The burden of demonstrating the need for specific expert assistance falls upon the applicant. Id. at 775. In Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 623-624 & n.8 (2010), the court extended that ruling retroactively and remanded the case to the board to afford the plaintiff an opportunity to request such a discretionary grant of funds. See Doe, Sex Offender Registry Bd. No. 73946 v. Sex Offender Registry Bd., 79 Mass. App. Ct. 901, 902 (2011).
Our case falls into this emerged category. The plaintiff here did not have the opportunity to justify his request to a decision maker with discretion to grant it. Upon remand he may do so.
Conclusion. The judgment of the Superior Court and the order of the board are vacated. The case is remanded for further proceedings consistent with this opinion.

So ordered.

Possession of child pornography under G. L. c. 272, § 29C, is a “sex offense,” as is any “like violation of the laws of . . . the United States.” G. L. c. 6, § 178C, as appearing in St. 1999, c. 74, § 2.

 803 Code Mass. Regs. § 1.40(19) (2002) (factor 19). See G. L. c. 6, § 178K(l)(i).

The examiner considered the plaintiff’s behavior on probation. 803 Code Mass. Regs. § 1.40(20) (2002) (factor 20). See G. L. c. 6, § 178K(l)(z).

He was also required to abstain from alcohol consumption, undergo random urine screens, avoid employment involving contact with minors, and refrain from ownership of a computer.

The examiner weighed the circumstance of his ongoing supervision by probation. 803 Code Mass. Regs. § 1.40(10) (2002) (factor 10). See G. L. c. 6, § 178K(l)(c).

 803 Code Mass. Regs. § 1.40(9)(b) (2002) (factor 9[b]). See G. L. c. 6, § 178K(l)(6)(iii).

 803 Code Mass. Regs. § 1.40(16) (2002) (factor 16). See G. L. c. 6, § 178K(l)(g).

 803 Code Mass. Regs. § 1.40(9)(a) (factor 9[a]). See G. L. c. 6, § 178K(l)(6)(iii).

The plaintiff reported to investigators that he admired the beauty of twelve to thirteen year old girls.

Since the original administrative decision, the Supreme Judicial Court has observed that the age of the offender warrants consideration in the assessment of the risk of reoffense. Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 621 (2010).